IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| WILLIAM E. MILLER,<br><br>  Petitioner,<br><br>v.<br><br>JO ANNE B. BARNHART, Commissioner<br>of Social Security Administration,<br><br>  Respondent. | Case No. CV 04-511-N-MHW<br><br>**MEMORANDUM DECISION<br>and ORDER** |

Currently before the Court for its consideration is the Petitioner's request for judicial review (docket # 1) of the Respondent's denial of social security disability benefits, filed October 12, 2004. Petitioner brought this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g). The Court has reviewed the petition for review, the parties' submissions and the record, and submits its Memorandum Decision as follows.

**Memorandum Decision and Order - Page 1**

# I.

## Background.

**A.   Administrative Proceedings.**

Petitioner William E. Miller filed applications for a period of disability, disability insurance benefits, and supplemental security income on March 5, 2002 and April 2, 2002, respectively, alleging an onset date of April 9, 2000.  (AR 61-63 and 246-47, respectively.)  The applications were denied initially on July 2, 2002 (AR 30-35 and 249-54), and upon reconsideration on September 4, 2002 (AR 37-38 and 256-61).  After a timely request for a hearing was filed on September 20, 2002 (AR 39), Petitioner, represented by counselor Mark B. Jones, appeared and testified before Administrative Law Judge (ALJ) Mary B. Reed on December 2, 2003.  (AR 262-314.)  Sharon Welter testified as a vocational expert, Glen A. Almquist testified as a medical expert, and Marie Peterson Miller testified as a lay witness.

ALJ Reed considered the testimony and all other evidence of record, and on July 30, 2004, issued a decision finding Petitioner not disabled within the meaning of the Act, and was therefore not entitled to disability insurance benefits or supplemental security income.  (AR 13-26.)  This became the final decision of the Commissioner when the Appeals Council declined to review the ALJ's decision on September 3, 2004.  (AR 6-8.)  20 C.F.R. §§ 404.981, 416.1481 (1991).  Petitioner has exhausted all administrative remedies and is therefore seeking judicial review pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**B.   Statement of Facts.**

At the time of the hearing before the ALJ, Petitioner was 23 years old.  (AR 286.)  Petitioner has a high school education.  (AR 288.)  Petitioner's claim for disability arose out of

an injury that occurred while he was working on a boat as a crab processor up in the Bering Sea along the Alaska coast.  A very heavy cart was accidentally switched to an "on" position, allowing it to roll down a track that ran the length of the ship.  Petitioner was in the way when this occurred, and the wheels on the bottom of the cart caught his right foot.  The cart continued to roll down the track with Petitioner's foot under one of the wheels until a co-worker was able to hit a stop.  Petitioner suffered what has been described in the medical records as a "crushing injury" and a "severe sprain" to the right foot.

Since the time of the injury, Petitioner has been unable to bear enough weight on the right foot to be able to walk without the assistance of either a cane or crutches.  He also often wears a brace on the right ankle.  Petitioner has sought medical treatment from various providers for the injury, including his family physician, an orthopedist, and a pain management specialist, in addition to diligently attending physical therapy several times a week.  Despite these efforts, however, Petitioner maintains that he is unable to walk without assistance or stand for more than an hour per day without experiencing severe pain.  Petitioner's physicians are unable to find any objective medical reasons for his physical complaints and are at a loss for an explanation as to why his complaints have not resolved this long after the injury occurred.

Petitioner has not worked since the time of the injury.  In addition to more recently working as a crab processor, Petitioner's prior work experience consisted of working at various jobs in a restaurant, hotel, and casino, and working on a tree farm as a laborer.  (AR 72, 288-89.) The Petitioner also has welding skills.  (AR 288.)

**Memorandum Decision and Order - Page 3**

## II.

### Findings of the Administrative Law Judge.

In the decision issued following the hearing (AR ), the ALJ made specific findings as follows:

1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through September 30, 2001.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant does not have an impairment or combination of impairments considered "severe" based on the requirements in the Regulations 20 C.F.R. § § 404.1520(b) and 416.920(b).

4. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. § § 404.1520(f) and 416.920(f)).

## III.

### Standard of Review.

The Petitioner bears the burden of showing that disability benefits are proper because of the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A); *Rhinehart v. Fitch*, 438 F.2d 920, 921 (9th Cir. 1971). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C.    § 423(d)(2)(A).

On review, the Court is instructed to uphold the decision of the Social Security Commissioner if the decision is supported by substantial evidence and is not the product of legal error.  42 U.S.C. § 405(g); *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999) (as amended); and *DeLorme v. Sullivan,* 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971).  It is more than a scintilla but less than a preponderance, *Jamerson v Chater,* 112 F.3d 1064, 1066 (9th Cir. 1997), and "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 108 S. Ct. 2541, 2550, 101 L. Ed. 2d 490 (1988).

The Court cannot disturb the Commissioner's findings if they are supported by substantial evidence, even though other evidence may exist which supports the petitioner's claims.  42 U.S.C. § 405(g); and *Flaten v. Secy of HHS,* 44 F.3d 1453, 1457 (9th Cir. 1995).  Thus, findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive.  *Id.*  It is well-settled that if there is substantial evidence to support the decision of the Commissioner, the decision must be upheld even when the evidence can reasonably support either affirming or reversing the Commissioner's decision, because the Court "may not substitute [its] judgment for that of the Commissioner."  *Verduzco v. Apfel,* 188 F.3d 1087, 1089 (9th Cir. 1999).

**Memorandum Decision and Order - Page 5**

In reviewing a case under the substantial evidence standard, the Court may question an ALJ's credibility assessment of a witness's testimony; however, an ALJ's credibility assessment is entitled to great weight, and the ALJ may disregard self-serving statements.  *Rashad v. Sullivan*, 903 F.2d 1229 (9th Cir. 1990).  Where the ALJ makes a careful consideration of subjective complaints but provides adequate reasons for rejecting them, the ALJ's well-settled role as the judge of credibility will be upheld as based on substantial evidence.  *Matthews v. Shalala*, 10 F.3d 678 (9th Cir. 1993).

The Social Security Commissioner has established a five-step evaluation process in order to determine whether a person is disabled for purposes of awarding disability benefits.  20 C.F.R. §§ 404.1520, 416.920 (1996)*; Lester v. Chater,* 81 F.3d 821, 828 n. 5 (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).  First, the Commissioner determines whether the claimant is engaged in substantial gainful activity.  If the claimant is engaged in such activity, disability benefits are denied.  20 C.F.R. §§ 404.1520(b), 416.920(b).  Here, the ALJ determined that the Petitioner was not involved in any substantial gainful activity.  (AR 25.)

Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c), 416.920(c), 404.1529(d)(1); and 416.929(d)(1).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.   The ALJ here found that the record did not show any objective evidence of any medical abnormalities or limitations  and therefore found that the Petitioner did not have an

impairment or combination of impairments considered to be "severe." (AR 24-25.) Accordingly, the ALJ ended the five-step analysis of this case here at Step 2.

In addition, the ALJ stated that, unless an impairment is expected to result in death, it must meet a durational requirement of lasting a continuous period of at least twelve (12) months in order for the person to qualify for disability. 20 C.F.R. § § 404.1520 and 416.920. The ALJ found that the record did not contain the medical evidence of any "anatomical or physiological abnormality of an impairment meeting the 12-month durational requirement of the Act that would account for the claimant's allegations of disability. (AR 22-23.) Accordingly, the ALJ stated that, "the undersigned finds that the claimant had a severe injury and was incapacitated for a few months; however, within one year, he had no severe physical or mental impairments." (AR 24.) On this basis, because the ALJ found that the Petitioner did not have an impairment that met the 12-month durational requirements of the Act, she found him not to be disabled within the meaning of the Act.

## IV.

## Issues Raised.

The primary issue before the Court is whether the final decision of the Secretary is supported by substantial evidence and whether it is based on proper legal standards. *Matney ex rel. Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir. 1992). Petitioner contends that the ALJ erred in failing to take into account the Petitioner's complex regional pain syndrome when she determined that the Petitioner did not have an impairment or combination of impairments considered to be "severe." In support of this argument, Petitioner asserts that evidence of the

**Memorandum Decision and Order - Page 7**

Petitioner's complex regional pain syndrome, also known as "reflex sympathetic dystrophy," is prevalent in the record, this has a longer duration than 12 months, and the ALJ failed to properly evaluate this in terms of evaluating the Petitioner's pain testimony and in terms of evaluating the treating physicians' opinions.

In her decision, ALJ Reed wrote an extensive and detailed review of the medical evidence presented in this case from the time the injury occurred on April 9, 2000, up through April, 2004. (AR 14-25.) Over this time period, Petitioner was treated by six different physicians in different areas of specialty, and was evaluated independently by six more. There seemed to be little disagreement among all of the physicians that the Petitioner's sprain was severe and, even though it was slow to resolve, it still should have resolved within about nine month's time after the injury occurred. When the Petitioner continued to have pain, however, and continued to purportedly be unable to bear much, if any, weight on his right ankle, he was diagnosed with having reflex sympathetic dystrophy, a/k/a complex regional pain syndrome. He was first diagnosed with this in September, 2000, by Dr. Verhoogen, an orthopedist. Dr. Magnuson, a pain management specialist, concurred in the diagnosis, as did Dr. Schwartz, an internist, and Dr. DuPen, another pain management specialist. Two of the independent examining doctors also agreed with the diagnosis, Drs. Saltonstall and Almquist; they only disagreed as to its duration. Dr. Stevens acknowledged that Petitioner had been diagnosed with the pain syndrome but did not directly opine on it in his report.

In her decision, the ALJ states, "The undersigned has also considered SSR-03-p Evaluation of Reflex Sympathetic Dystrophy Syndrome/Complex Regional Pain Syndrome in determining whether the claimant has an impairment meeting the 12-month durational

requirements of the Act." (AR 24.) This sentence is the entire extent of the ALJ's analysis and consideration of Petitioner's diagnosis of reflex sympathetic dystrophy, a/k/a complex regional pain syndrome, as a possible basis for his disability claim. She does not state any clear and convincing reasons why she concludes that this limitation could not be deemed to be "severe" or why it could not be considered to have met the 12-month durational requirement, given the medical evidence of record as late as December, 2003 (Dr. DuPen's report), that Petitioner has "complex regional pain syndrome."

As to Petitioner's credibility, the Petitioner testified about the pain he has on a daily basis and the limitations it poses for him. Petitioner asserts that the ALJ found him to be lacking in credibility. The ALJ states, "Moreover, they noted the claimant appeared to be less than credible." (AR 25.) Presumably, although it is not clear, the ALJ refers to the state's residual functional capacity evaluation and a statement that says, "Claimant's credibility is questionable." (AR 173.) The ALJ is relying on a statement by non-examining, non-interviewing state evaluators who were not in a position to judge the Petitioner's credibility. The ALJ makes no other statements for finding the Petitioner to be lacking in credibility, despite the fact that he appeared before her to testify. Although a claimant may produce objective medical evidence of an underlying impairment, an ALJ may nonetheless reject the claimant's testimony about the severity of his disabilities if she can state specific, clear, and convincing reasons for doing so. *Smolen v. Chater,* 80 F.3d 1273, 1281-1282 (9th Cir. 1996). In this instance, the ALJ failed to state clear and convincing reasons for rejecting the Petitioner's testimony about pain.

Accordingly, the Court finds that the ALJ's and the Appeals Council's decisions in this regard are not supported by substantial evidence and that the decisions should be reversed and

**Memorandum Decision and Order - Page 9**

remanded for further proceedings as to: 1) the severity of Petitioner's condition relating to reflex sympathetic dystrophy, a/k/a complex regional pain syndrome and what limitations it poses; 2) appropriate analysis under the 5-step test; and 3) for vocational expert evaluation.

## V.

## Conclusion.

Based on its review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence and is the product of legal error. Therefore, the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act should be REVERSED and remanded in accordance with the instructions above.

## ORDER

Based upon the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED that** the Commissioner's decision finding that the Petitioner is not disabled within the meaning of the Social Security Act be REVERSED and remanded.

DATED: **March 31, 2006**

Honorable Mikel H. Williams
United States Magistrate Judge